UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x    Bronx County Index No:
ANDREA WOODLEY,                                                      :    8639/07
                                                                    :
                              Plaintiff,                            :    **NOTICE OF REMOVAL**
                                                                    :
        -against-                                                   :
                                                                    :
MASSACHUSETTS MUTUAL ETC. and STARBUCKS               :
CORPORATION,                                                        :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------- x

08 CIV. 0949

JAN 2 2008

        Defendants, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, s/h/a

MASSACHUSETTS MUTUAL ETC., AND STARBUCKS CORPORATION file this notice to

remove the foregoing case to the United States District Court for the Southern District of New

York, and respectfully shows this Court:

        1.      MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and

STARBUCKS COFFEE COMPANY are defendants in the civil action brought on or about July

27, 2007 in the Supreme Court of the State of New York, Bronx County.  Pursuant to the

provisions of 28 U.S.C. § 1441, 28 U.S.C. § 1332 and 28 U.S.C. §1446, defendants,

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and STARBUCKS

CORPORATION, remove this action to the United States District Court for the Southern District

of New York, which is the judicial district in which the action is pending.

        2.      This is a civil action sounding in negligence seeking damages to recover for the

alleged personal injuries of plaintiff, ANDREA WOODLEY, as a result of a trip/slip and fall that

occurred on March 2, 2006.  The ad damnum clause of the Complaint filed against the

defendants indicates that plaintiff has been damaged in an amount that exceeds the jurisdictional

1866006.1

limits of all lower courts. Accordingly, the amount in controversy in this suit is in excess, exclusive of interests and costs, of $75,000.00.

3.       This action involves complete diversity of citizenship between parties in that: (a) plaintiff, ANDREA WOODLEY, is now, and was at the time said action was commenced, a resident and domiciliary of the State of New York, County of Bronx; (b) defendant, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, was at the time said action was commenced a Massachusetts corporation with its principal place of business in the State of Massachusetts; (c) and defendant, STARBUCKS CORPORATION, was at the time said action was commenced, a Washington corporation with its principal place of business in the State of Washington.

4.       No discovery proceedings have occurred in the state court action. The plaintiff filed an Amended Summons and Complaint annexed hereto as **Exhibit "A".** The defendant STARBUCKS COFFEE COMPANY appeared on or about November 27, 2007. **Exhibit "B".** Defendant MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY has not yet answered the amended complaint.

5.       This action is one in which the District Courts of the United States have original jurisdiction under 28 U.S.C. §1332 and U.S.C. § 1441. There is complete diversity of citizenship between the plaintiff and defendants.

6.       Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the plaintiff and a copy of this Notice of Removal has been

1866006.1

filed with the Clerk of the Supreme Court of New York, Bronx County.

Dated:    White Plains, New York
          January 23, 2008

                              Yours, etc.

              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                          By: _____
                              Allyson Avila (AA 0944)
                              Attorneys for Defendants
                              3 Gannett Drive
                              White Plains, New York 10604
                              (914) 323-7000
                              File No. 09492.00022

TO:    Tanner & Ortega, LLP
       Attorneys for Plaintiff
       30 Vesey Street, Penthouse Floor
       New York, New York 10005
       (212) 962-1333

- 3 -

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

ANDREA WOODLEY,

                        *Plaintiff,*

    -against-

MASSACHUSETTS MUTUAL ETC
STARBUCKS CORPORATION

                    *Defendants,.*

-----------------------------------------------------------------X

**SUPPLEMENTAL SUMMONS**
**Index No.: 8639/07**

**Date Filed:**

TO THE ABOVE NAMED DEFENDANT(s):

       YOU ARE HEREBY SUMMONED to answer the Complaint in this action by serving an Answer, or a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

             The basis of the venue designated is plaintiff's residence.

            Plaintiff Resides at: 2040 Bruckner Boulevard, 10K
                        Bronx, NY 10473

Dated: New York, New York
       July 27, 2007

                               Yours, etc.,

                               Tanner & Ortega, LLP
                               *Attorneys for Plaintiff*
                               30 Vesey Street, Penthouse Floor
                               New York, New York 10007

**DEFENDANTS' ADDRESSES:**

MASSACHUSETTS MUTUAL ETC
c/o New York State Secretary of State

STARBUCKS CORPORATION
c/o New York State Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
ANDREA WOODLEY,

                       Plaintiff,

    -against-

MASSACHUSETTS MUTUAL ETC and
STARBUCKS CORPORATION

                   Defendants
-----------------------------------------------------------------X

**AMMENDED
VERIFIED COMPLAINT**

**Index No.: 8639/07**

    Plaintiff, by her attorneys, TANNER & ORTEGA, LLP, as and for her complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

    1. At all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, State of New York.

    2. Upon information and belief, the defendant, MASSACHUSETTS MUTUAL ETC was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business and offices located in the County of Manhattan, State of New York.

    3. Upon information and belief, the defendant, STARBUCKS CORPORATION was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    4. Upon information and belief, the defendant, MASSACHUSETTS MUTUAL ETC was and still is a foreign corporation duly organized and existing under and by virtue of the

laws of one of the states of the United States of America and was and still is duly authorized to do business in the State of New York.

5. Upon information and belief, the defendant, STARBUCKS CORPORATION  was and still is a foreign corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America and was and still is duly authorized to do business in the State of New York.

6. Upon information and belief, the defendant, MASSACHUSETTS MUTUAL ETC was and still is a business entity, actually conducting business in the State of New York, with its principal place of business located in the County of Manhattan, State of New York.

7. .  Upon information and belief, the defendant, STARBUCKS CORPORATION was and still is a business entity, actually conducting business in the State of New York, with locations in the County of Manhattan, State of New York.

8. Upon information and belief, the defendant, MASSACHUSETTS MUTUAL ETC did and/or transacted business in the State of New York and in fact derives a substantial portion of its income from its business activities in the State of New York.

9. Upon information and belief, the defendant, STARBUCKS CORPORATION did and/or transacted business in the State of New York and in fact derives a substantial portion of its income from its business activities in the State of New York.

10. Upon information and belief, the defendant, MASSACHUSETTS MUTUAL ETC was the owner of the premises known as and  located at 555 W. 42nd Street, in the County of New York, State of New York, and more specifically at or about the exterior steps of said premises, the steps are depicted in the photographs hereto as Exhibit "A".

11.  Upon information and belief, the defendant, STARBUCKS CORPORATION was a commercial tenant at 555 W. 42nd Street, in the County of New York, State of New York, and more specifically directly in front of the exterior steps of said premises, the steps are depicted in the photographs hereto as Exhibit "A".

12.  Upon information and belief, the defendant, MASSACHUSETTS MUTUAL ECT maintained, managed, operated, and controlled the premises as afore-described.

13.  Upon information and belief, the defendant, STARBUCKS CORPORATION maintained, managed, operated, and controlled the premises as afore-described

14. On March 2, 2006, at approximately 8:40 a.m., the plaintiff was lawfully and properly on, upon and coming down the steps to the sidewalk adjacent to the premises of the defendants.

15.  At all times hereinafter and hereinbefore mentioned, the defendants made special use of the steps and sidewalk area as afore-described.

16.  Upon information and belief, at all times hereinbefore and hereinafter mentioned, the defendants operated, managed and controlled the steps as afore-described.

17.  Upon information and belief, at all times hereinafter mentioned, the defendants, their agents, servants and/or employees, were charged with the duty of keeping said steps and the entire area constituting said premises in a safe and proper condition, sufficient to protect those lawfully on, about and/or walking down the steps of the premises, and that the defendants owed such a duty to the plaintiff.

18. On or about March 2, 2006, while the plaintiff was lawfully coming down the steps pertaining to the premises of the defendants, and solely by reason of the carelessness and negligence of said defendants, their agents, servants and/or employees as hereinafter set forth, the plaintiff was caused to slip, trip and/or fall and/or was otherwise caused to be precipitated to the walking surface on said steps, causing plaintiff to sustain serious personal injuries.

19. At the time and place aforesaid, the defendants, their agents, servants and/or employees, breached the duties which it owed to the plaintiff of keeping the steps, sidewalk, property and premise in a safe and proper condition sufficient to protect those lawfully in and about the premises.

20. The defendants, their agents, servants, employees and/or subcontractors, were negligent in that they negligently and carelessly maintained their premises and caused the steps located in the area wherein the plaintiff became injured, to be and remain in a dangerous, unsafe, and obstructed condition and/or debris to be and remain in said area for an unreasonable length of time after having due notice thereof, in failing to fully fix, clean and/or maintain said steps, thereby creating and/or increasing the hazardous condition of said steps, causing, permitting and/or creating a dangerous, entrapping and negligent condition to exist, and in failing to warn members of the public of the existence of such dangers.

21. Upon information and belief, the defendant's agents, servants, subcontractors and/or employees had prior written and constructive notice of all the defective, negligent, and obstructed conditions existing on the premises aforementioned.

22. Upon information and belief, at all times hereinafter mentioned, the defendants, their agents, servants, employees, and/or subcontractors, created and/or had actual and/or constructive notice of all of the foregoing defective and negligent conditions existing in the premises involved herein and in that defendants created and/or increased the hazardous condition of said steps, and that said conditions existed for a sufficient period of time prior to the occurrence for the defendants to have discovered and remedied said conditions.

23. The injuries sustained by the plaintiff herein were sustained without any fault, want of care and/or culpable conduct on the part of the plaintiff herein but solely by virtue of the negligence and carelessness of the defendants herein.

24. Solely by reason of the foregoing, and the carelessness and the negligence of the defendants, their agents, servants, employees, and/or subcontractors, the plaintiff was rendered sick, sore, lame, disabled, suffered great pain, shame and anguish, both internally and externally, and has, upon information and belief, been permanently injured.

25. As a result of the aforesaid occurrence and solely by reason of the carelessness and negligence of the defendants herein, the plaintiff became totally disabled for a period of time and verily believes that such disability will continue for some time in the future all to the plaintiff¢s further damage.

26. As a result of the aforesaid occurrence and solely be reason of the carelessness and negligence of the defendants herein, the plaintiff was unable to perform her usual occupation and was prevented from doing so all to plaintiff's further damage.

27. That, by reason of the foregoing, the plaintiff has been damaged in an amount

in excess of the maximum monetary jurisdiction of all lower Courts as against the defendants.

WHEREFORE, the plaintiff demands judgment in the First Cause of Action in an amount in excess of the maximum monetary jurisdiction of all lower Courts as against the defendants, together with the interest, costs and disbursements of this action.

Dated: New York, New York
       July 26, 2007

Yours, etc.

Tanner & Ortega, LLP

By: _____
       Hugo Ortega, Esq.
       Attorney for Plaintiff
       30 Vesey Street, Penthouse Floor
       New York, New York 10007
       (212) 962-1333



# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------x

ANDREA WOODLEY,                                 Index No.: 8639/07

                        Plaintiff,                  :      **STARBUCKS VERIFIED**
                                   :      **ANSWER WITH**
        against -                                     **CROSS-CLAIMS_____**

                                   :

MASSACHUSETTS MUTUAL ETC. and
STARBUCKS CORPORATION,                          :

               Defendants.                 :

------------------------------------------------------------------x

       Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY

(hereinafter "STARBUCKS") by and through its attorneys, Wilson Elser Moskowitz Edelman &

Dicker LLP, for its Verified Answer With Cross-Claims to the Amended Verified Complaint,

upon information and belief, alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraphs 1, 2, 4, 6, 8, 10 and 12 of the Amended Verified Complaint.

       2.     Denies the allegations in Paragraphs 3, 5, 7, 9 and 11 of the Amended Verified

Complaint, except admits that STARBUCKS is a foreign corporation duly organized and

existing under and by virtue of the laws of the State of Washington, that it maintains its principal

place of business in the State of Washington, that it is authorized to do business in the State of

New York and that it operates a retail store at the address identified in the Amended Verified

Complaint.

       3.     Denies the allegations in Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24,

25, 26 and 27 of the Amended Verified Complaint.

## FIRST DEFENSE

4.      The Amended Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

5.      Whatever injury or damage may have been sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and defendant STARBUCKS is, therefore, not liable to plaintiff or, in the alternative, that its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## THIRD DEFENSE

6.      Defendant STARBUCKS specifically denies that any negligence on its part contributed to or was a proximate cause of any injuries or damages sustained by the plaintiff, but, in the event it is found that defendant STARBUCKS is negligent in any manner or to any degree, defendant STARBUCKS alleges upon information and belief that other parties hereto and persons or entities not named in this action may be negligent to a certain degree for the injuries or damages sustained by plaintiff and therefore contend that, in the event there is found to be fault on the part of defendant STARBUCKS, which in any manner or degree contributed to the injuries of plaintiff, a finding should be made apportioning and fixing the comparative fault of any or all parties or persons whether named to this action or otherwise.

## FOURTH DEFENSE

7.      Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by defendant STARBUCKS or by any person for whom defendant STARBUCKS is responsible.

3034391.1

2

## FIFTH DEFENSE

8.    The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of defendant STARBUCKS.

## SIXTH DEFENSE

9.    Plaintiff assumed the risk of her alleged injuries and on that account defendant STARBUCKS is not liable to plaintiff.

## SEVENTH DEFENSE

10.    In the event that any person or entity liable or claimed to be liable for plaintiff's injuries has been given a release or covenant not to sue, STARBUCKS liability, if any, should be reduced in accordance with the provisions of General Obligations Law § 15-108.

## EIGHTH DEFENSE

11.    As to those damages claimed by plaintiff that have been or will be replaced or indemnified in whole or in part from a collateral source, STARBUCKS claims the benefit of Civil Procedure Law and Rules § 4545(c).

## NINTH DEFENSE

12.    Defendant STARBUCKS is not liable to plaintiff because STARBUCKS did not have any actual or constructive notice of a dangerous or defective condition existing at the area prior to the accident described in the Amended Verified Complaint. Moreover, even if such notice can be imputed to STARBUCKS, STARBUCKS did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

3

## AS AND FOR
## STARBUCKS FIRST CROSS-CLAIM

13.     If plaintiff sustained the alleged injuries and/or illnesses through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than that of plaintiff, then the said damage arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or contract in fact or implied in law, upon the part of MASSACHUSETTS MUTUAL ETC., requiring full indemnification to defendant STARBUCKS, and if defendant STARBUCKS is found liable for the alleged injuries and/or illnesses, then MASSACHUSETTS MUTUAL ETC. will be liable to defendant STARBUCKS and will be bound to fully indemnify and hold it harmless for the full amount of any verdict or judgment; or in the alternative, defendant STARBUCKS is entitled to contribution, in whole or in part, from MASSACHUSETTS MUTUAL ETC. together with costs and disbursements incurred in the defense of this action.

## AS AND FOR
## STARBUCKS SECOND CROSS-CLAIM

14.     That an agreement was made by and between defendant STARBUCKS, on the one part, and co-defendant MASSACHUSETTS MUTUAL ETC., on the other part, pursuant to which, *inter alia*, co-defendant MASSACHUSETTS MUTUAL ETC. undertook to indemnify, fully or partially, defendant STARBUCKS for loss or damage arising out of or in connection with the aforesaid agreement. Defendant STARBUCKS begs leave to refer to the original of such agreement for its terms and conditions.

15.     By reason of the foregoing agreement, defendant STARBUCKS is entitled to indemnification from co-defendant MASSACHUSETTS MUTUAL ETC. for any verdict,

judgment or settlement reached in this action against defendant STARBUCKS, together with costs, disbursements and attorneys' fees.

WHEREFORE, defendant STARBUCKS demands judgment dismissing the Amended Verified Complaint together with its costs and disbursements, or, in the alternative, in the event that judgment or verdict is rendered against defendant STARBUCKS, then that defendant STARBUCKS has judgment on its cross-claims over and against co-defendant MASSACHUSETTS MUTUAL ETC. in the amount of any recovery had by plaintiff or, in the alternative, defendant STARBUCKS demands that the ultimate rights of all parties herein be determined as between themselves, and that the relative responsibilities, if any, be apportioned between themselves, together with costs, disbursements and fees incurred.

Dated: New York, New York
       November 20, 2007

Yours, etc.,

WLSON ELSER MOSWOWITZ
EDELMAN & DICKER LLP

By: _____
       George N. Tompkins, III
       150 East 42nd Street
       New York, New York 10017
       (212) 490-3000
       Attorney for Defendant
       STARBUCKS CORPORATION d/b/a
       STARBUCKS COFFEE COMPANY

To:    Hugo Ortega, Esq.
       TANNER & ORTEGA, LLP
       30 Vesey Street, Penthouse Floor
       New York, New York 10007
       (212) 962-1333
       Attorneys for Plaintiff
       ANDREA WOODLEY

3034391 1                                        5

CARTAFALSA, SLATTERY & LENOFF
165 Broadway, 28th Floor
New York, New York 10006
(212) 225-7700
Attorneys for MASSACHUSETTS MUTUAL

6

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                           ) ss.:
COUNTY OF NEW YORK  )

George N. Tompkins, III, an attorney duly admitted to practice law before the Courts of

the State of New York, affirms the following to be true under the penalties of perjury:

I am a Partner with the Firm of Wilson Elser Moskowitz Edelman & Dicker, LLP,

attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE

COMPANY in the within action; I have read the foregoing Verified Answer With Cross-Claims

and know the contents thereof; that the same is true to my own knowledge except as to those

matters therein stated to be alleged upon information and belief, and as to those matters,

affirmant believes them to be true.  The reason this Verification is made by affirmant and not by

defendant is that defendant is a foreign corporation with its principal place of business outside

the State of New York.

The grounds for affirmant's belief as to all matters not stated upon affirmant's knowledge

are as follows: conversations with the defendant and review of various documents related to this

matter.

                                      George N. Tompkins, III

Sworn to before me this
20th day of November, 2007

Notary Public

ROBIN RIBARIK
Notary Public, State of New York
No. 01RI5033699
Qualified in Queens County
Commission Expires September 26, 20___

3034391.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x   Bronx County Index No: 8639/07

ANDREA WOODLEY,

                      Plaintiff,

    -against-

MASSACHUSETTS MUTUAL ETC. and STARBUCKS
CORPORATION,

                   Defendants.

-------------------------------------------------------------------- x

**RULE 7.1 STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (formerly Local General Rule 9 of the Southern and Eastern Districts of New York) and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for MASSACHUSETTS MUTUAL INSURANCE COMPANY and, STARBUCKS CORPORATION (all private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which are publicly held.

MASSACHUSETTS MUTUAL INSURANCE COMPANY - Babson Capital Management, LLC; Baring Asset Management Limited; Cornerstone Real Estate Advisers, LLC; MassMutual International, Inc.; MML Investors Services, Inc.; Oppenheimer Funds, Inc.; and The MassMutual Trust Company, FSB.

STARBUCKS CORPORATION – None.

Dated:     White Plains, New York
            January 23, 2008

By: _____
       Allyson Avila (AA-0944)
       Attorneys for Defendants
       MASSACHUSETTS MUTUAL LIFE
       INSURANCE COMPANY, and
       STARBUCKS CORPORATION
       3 Gannett Drive

1866085.1

White Plains, New York 10604
(914) 323-7000
File No. 09492.00022

TO:    Tanner & Ortega, LLP
       Hugo Ortega, Esq.
       Attorneys for Plaintiff
       30 Vesey Street, Penthouse Floor
       New York, New York 10007
       (212) 962-1333

## CERTIFICATE OF SERVICE

I, Robin Hoyt, the undersigned, am a secretary employed by the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for Defendants, MASSACHUSETTS MUTUAL INSURANCE COMPANY and, STARBUCKS CORPORATION and hereby certify that on the 28 day of January, 2008, I caused true and correct copies of the foregoing **RULE 7.1 STATEMENT** and to be served at the address designated by said attorney[s] for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.


TO:    Tanner & Ortega, LLP
       Hugo Ortega, Esq.
       Attorneys for Plaintiff
       30 Vesey Street, Penthouse Floor
       New York, New York 10007
       (212) 962-1333


Dated: White Plains, New York
       January 2, 2008

                              _____S/ Robin Hoyt_____
                                      Robin Hoyt