UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No: 08 Civ. 0949

ANDREA WOODLEY,

Plaintiff,

-against-

MASSACHUSETTS MUTUAL ETC and STARBUCKS CORPORATION,

Defendants.

**VERIFIED AMENDED ANSWER TO AMENDED VERIFIED COMPLAINT**

The defendants, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, and STARBUCKS COFFEE COMPANY s/h/a MASSACHUSETTS MUTUAL ETC and STARBUCKS CORPORATION, by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for an answer to the plaintiff's Amended Verified Complaint, respectfully show this Court and alleges:

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "1"of plaintiff's Amended Verified Complaint.

2. Deny each and every allegation contained in paragraph numbered "2" of plaintiff's Amended Verified Complaint.

3. Deny each and every allegation contained in paragraph numbered "3" of plaintiff's Amended Verified Complaint.

4. Deny each and every allegation contained in paragraph numbered "4" of plaintiff's Amended Verified Complaint except admits that Massachusetts Mutual is a foreign corporation.

5. Deny each and every allegation contained in paragraph numbered "5" of plaintiff's Amended Verified Complaint, except admits that Starbucks is a foreign corporation duly organized and existing by virtue of the laws of the State of Washington, that it maintains its principal place of business is Washington, that it is authorized to do business in the State of New York and that it operates a retail store at the address identified in the Amended Verified Answer.

6. Deny each and every allegation contained in paragraph numbered "6" of plaintiff's Amended Verified Complaint.

7. Deny each and every allegation contained in paragraph numbered "7" of plaintiff's Amended Verified Complaint, except admits that Starbucks is a foreign corporation duly organized and existing by virtue of the laws of the State of Washington, that it maintains its principal place of business is Washington, that it is authorized to do business in the State of New York and that it operates a retail store at the address identified in the Amended Verified Answer.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "8"of plaintiff's Amended Verified Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "9"of plaintiff's Amended Verified Complaint, except admits that Starbucks is a foreign corporation duly organized and existing by virtue of the laws of the State of Washington, that it maintains its principal place of business is Washington, that it is authorized to do business in the State of New York and that it operates a retail store at the address identified in the Amended Verified Answer.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "10" of plaintiff's Amended Verified Complaint,

except admit that Massachusetts Mutual owned the premises known as 555 W. 42nd Street, County of New York, State of New York.

11. Deny each and every allegation contained in paragraph numbered "11" of plaintiff's Amended Verified Complaint, except admits that Starbucks is a foreign corporation duly organized and existing by virtue of the laws of the State of Washington, that it maintains its principal place of business is Washington, that it is authorized to do business in the State of New York and that it operates a retail store at the address identified in the Amended Verified Answer.

12. Deny each and every allegation contained in paragraph "12" of plaintiff's Amended Verified Complaint.

13. Deny each and every allegation contained in paragraph numbered "13" of plaintiff's Amended Verified Complaint.

14. Deny each and every allegation contained in paragraph numbered "14" of plaintiff's Amended Verified Complaint.

15. Deny each and every allegation contained in paragraph numbered "15" of plaintiff's Amended Verified Complaint.

16. Deny each and every allegation contained in paragraph numbered "16" of plaintiff's Amended Verified Complaint.

17. Deny each and every allegation contained in paragraph numbered "17" of plaintiff's Amended Verified Complaint.

18. Deny each and every allegation contained in paragraph numbered "18" of plaintiff's Amended Verified Complaint.

19. Deny each and every allegation contained in paragraph numbered "19" of plaintiff's Amended Verified Complaint.

20. Deny each and every allegation contained in paragraph numbered "20" of plaintiff's Amended Verified Complaint.

21. Deny each and every allegation contained in paragraph numbered "21" of plaintiff's Amended Verified Complaint.

22. Deny each and every allegation contained in paragraph numbered "22" of plaintiff's Amended Verified Complaint.

23. Deny each and every allegation contained in paragraph numbered "23" of plaintiff's Amended Verified Complaint.

24. Deny each and every allegation contained in paragraph numbered "24" of plaintiff's Amended Verified Complaint.

25. Deny each and every allegation contained in paragraph numbered "25" of plaintiff's Amended Verified Complaint.

26. Deny each and every allegation contained in paragraph numbered "26" of plaintiff's Amended Verified Complaint.

27. Deny each and every allegation contained in paragraph numbered "27" of plaintiff's Amended Verified Complaint.

**AS AND FOR A FIRST, SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

28. Plaintiff assumed the risk of all the dangers intended upon the activity upon which plaintiff was engaged at the time of the alleged accident and is therefore barred from recovering on the claim asserted. All the damages and risk incident to the situation mentioned in the Complaint were open, obvious and apparent, and were known and assumed by plaintiff. In

assuming the risks attendant with her conduct, plaintiff failed to act as a reasonable and prudent person with regard to her own safety and well being.

**AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

29. Any injuries sustained or suffered by plaintiff, as stated in the Complaint herein, were caused in whole or in part by the comparative/contributory negligence of the plaintiff.

**AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

30. The defendants allege, upon information and belief, that wherever injuries were sustained by plaintiff, or whatever damages were sustained by plaintiff at the time and place alleged in the Complaint were the result of the culpable conduct of plaintiff and the defendants plead such culpable conduct in diminution of damages. If a verdict or judgment is awarded to plaintiff, then and in that event, the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

**AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

31. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

32. The plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SIXTH, SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

33. The damages allegedly sustained by plaintiff were not proximately caused the alleged accident at issue or by any negligence or cupable conduct on the part of defendants.

**AS AND FOR AN SEVENTH, SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

34. If the answering defendants are found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore these answering defendant's liability shall be limited to their equitable share, pursuant to CPLR Article 16.

**AS AND FOR A EIGHTH, SEPARATE AND DISTINCT**
**AFFIRMATIVE DEFENSE, DEFENDANTS RESPECTFULLY ALLEGE:**

35. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules..

WHEREFORE, defendants, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and STARBUCKS COFFEE COMPANY s/h/a MASSACHUSETTS MUTUAL ETC and STARBUCKS CORPORATION, demand judgment dismissing the plaintiff's Amended Verified Complaint, together with the costs, disbursements and attorneys' fees of this action and any expenses incurred in the defense thereof.

Dated: White Plains, New York

March 18, 2008

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: ______________________________

Allyson Avila, Esq.
Attorneys for Defendants
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No. 09492.00022

TO: TANNER & ORTEGA, LLP
Hugo Ortega, Esq.
Attorneys for Plaintiff
30 Vesey Street, Penthouse Floor
New York, New York 10007
(212) 962-1333

**ATTORNEY VERIFICATION**

ALLYSON AVILA, an attorney duly admitted to practice before the Courts of this State, affirms the following to be true:

I am associated with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for the defendants, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, and STARBUCKS COFFEE COMPANY, in this action. I have read the following Amended Verified Answer and know its contents. Its contents are true to my own belief, and as to those matters, I believe them to be true to the best of my knowledge.

All matters herein stated upon information and belief are based upon affirmant's file, correspondence and conversations with the defendants. As to those matters which are alleged upon information and belief, I believe them to be true.

Affirmant further states that this verification is made by me and not by a defendant is that the defendants, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, and STARBUCKS COFFEE COMPANY are not in the county where deponent maintains her office.

Dated: White Plains, New York
March 18, 2008

ALLYSON AVILA

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

I, Illyana Flores, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Rockland County, New York.

On March 18, 2008, I served the within **VERIFIED AMENDED ANSWER TO AMENDED VERIFIED COMPLAINT,** by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO: TANNER & ORTEGA, LLP
Hugo Ortega, Esq.
Attorneys for Plaintiff
30 Vesey Street, Penthouse Floor
New York, New York 10007
(212) 962-1333

Illyana Flores

Sworn to before me this
18th day of March, 2008

Notary Public

ALLYSON AVILA
Notary Public, State of New York
No. 1AV5075200
Qualified in Rockland County
Commission Expires March 31, 2011