UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(HONORABLE NAOMI R. BUCHWALD)
-------------------------------------------------------------X     Case No.: 1:08-cv-00949-NRB

ANDREA WOODLEY,

          Plaintiff,

   -v-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

MASSACHUSETTS MUTUAL ETC., and
STARBUCKS CORPORATION,
          Defendants.
-------------------------------------------------------------X

## INTRODUCTORY STATEMENT

This matter arises out of a personal injury suit filed on behalf of the plaintiff against both defendants in New York State Supreme Court, Bronx County. Defendant MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY was served with a Summons and Complaint on March 29, 2007, and with a Supplemental Summons and Amended Complaint on October 1, 2007. Defendant STARBUCKS CORPORATION was served with a Supplemental Summons and Amended Complaint on October 1, 2007.

On January 29, 2008, defense counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, filed a Notice of Removal (attached hereto as Exhibit "A") with this Court pursuant to U.S.C. Title 28 §1446 (b), thereby removing this case from New York State Supreme Court, Bronx County.

Plaintiff respectfully submits this motion to remand, for the following reasons: The defendants failed to comply with the requirements of U.S.C. Title 28 §1446 (b) in that they failed to file their Notice of Removal within thirty (30) days after service of the initial pleadings, or within thirty (30) days from which it may first be ascertained that the case is one which is removable.

Clearly, if defendant Massachusetts Mutual wished to attempt to remove this case to Federal Court, it was required to do so within thirty (30) days from the date of service of the initial Summons and Complaint or no later than April 29, 2007. If defendant Starbucks wished to attempt to remove this case to Federal Court, it was required to do so within 30 days from the date of the service of the Supplemental Summons and Amended Verified Complaint or by no later than November 1, 2007.

By letter to the Court dated February 25, 2008 (attached hereto as Exhibit "B"), the undersigned requested a pre-motion conference. Following plaintiff's request for a pre-trial conference, defense counsel, who represents both defendants, and plaintiff's counsel submitted several letters to the Court detailing our respective legal positions (attached hereto as Exhibit "C"). Initially, defense counsel, in her letter to the Court dated February 28, 2008, argued that the Notice of Removal was timely because Massachusetts Mutual had not been served with the Supplemental Summons and Amended Complaint served on Starbucks Corporation. At the direction of the Court, immediately following the initial pre-motion phone conference held on March 10, 2008, plaintiff's counsel submitted to the Court proof of service of the Supplemental Summons and Amended Complaint on Massachusetts Mutual.

Subsequently, in a letter to the Court dated March 12, 2008, defense counsel conceded that, in fact, Massachusetts Mutual had been properly served with the Supplemental Summons and Amended Complaint on October 1, 2007. However, in an argument completely unrelated to the defendant's original gravamen of their Notice of Removal, defense counsel alleged that this case was properly removed to federal court because the summons and complaint served on defendant Starbucks did not include an ad damnum clause to indicate that the matter in controversy exceeded $75.000.00. She further argued that, accordingly, the defendant was unable to ascertain that the case was removable since the plaintiff had not responded to their supplemental demand and that the thirty (30) day time to file the Notice of Removal has not yet commenced.

On March 14, 2008, plaintiff's counsel sent a letter to the Court responding to defense counsel's new aforementioned argument, referring the Court to the ad damnum clause in the plaintiff's complaint properly served on the parties and to counsel's Notice of Removal (Exhibit A), in which she plead the following:  "*The **ad damnum clause** of the Complaint filed against the defendants indicates that plaintiff has been damaged in an amount that **exceeds the jurisdictional limits of all lower courts**.  Accordingly, **the amount in controversy in this suit is in excess exclusively of interests and costs, of $75,000.00***".  (Emphasis added).  Therefore, the assertion that plaintiff's failure to respond to the defendant's Supplemental Demand somehow prevented counsel from ascertaining removability is belied by the defendants' own pleading within its Notice of Removal, which constitutes a judicial admission and is binding.  Indeed, defense counsel's very action to file the Notice of Removal and the pleadings contained therein confirm that, immediately upon the service of the summons and complaint, she ascertained that this case was removable in that

there was complete diversity of citizenship and that the amount in controversy exceeded $75,000.00. Therefore, the defendants' Notice of Removal was untimely as it was not filed within the thirty (30) days as required by statute.

### I.   NOTICE OF REMOVAL MUST BE FILED WITHIN THIRTY (30) DAYS FROM THE DATE WHICH IT MAY FIRST BE ASCERTAINED THAT THE CASE IS REMOVABLE

As the Court is aware, U.S.C. Title 28 §1446 (b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the United States Supreme Court held that the removal period begins to run upon formal service of the initial pleading on the defendant. Therefore, upon service of the original summons and complaint on defendant, Massachusetts Mutual, on March 29, 2007 and upon service of defendant Starbucks of a Supplemental Summons and Amended Complaint on October 1, 2007, U.S.C. Title 28 §1446 (b) required the defendants to have filed its Notice of Removal by no later than thirty days after such service. The defendants in this case filed the Notice of Removal on January 28, 2008, one hundred and eighteen (118) days after service of the Supplemental Summons and Amended Complaint which the defendants acknowledge, in their Notice of Removal, indicated that there was complete diversity of citizenship and that the plaintiff was seeking damages in excess of $75,000.00.

Furthermore, it is well settled that a Notice of Removal must be filed within thirty (30) days from when it becomes ascertainable that the case is, in fact, removable. In Brooklyn Hospital Center v. Diversified Information Technologies, 133 F. Supp. 2d 197 (E.D.N.Y. 2001), the Court, in granting the plaintiff's motion to remand to state court, held that even the service of a summons with notice is sufficient to trigger the 30 day period and reiterated the United States Supreme Court's holding in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), that the presumption is against federal jurisdiction in the context of removal.

As Your Honor stated in your opinion in Rios v. New York Marriott Marquis, 2001 U.S Dist. LEXIS 10798, No.01 Civ. 5536 (S.D.N.Y. July 25, 2001), "Nothing in Murphy changed the fundamental rule that the touchstone of removal analysis is a defendant's ability to ascertain removability". There is no question based on the defendants' own actions and pleadings, that at the time of service of the Supplemental Summons and Amended Complaint on October 1, 2007, the defendants, were aware that there was complete diversity and that the plaintiff was seeking damages in excess of $75,000.00, yet the defendant failed to file a Notice of Removal. There is simply no support for any assertion that defendants' Notice of Removal was promptly filed.  To the contrary, the defendant has not complied with the time requirements of U.S.C. Title 28 §1446 (b), and as the court noted in Rios, supra, "…there is a long-standing policy to construe strictly the removal jurisdiction." Accordingly, since the defendants' Notice of Removal was untimely, it is respectfully requested that this Court remand this matter back to New York State Supreme Court, Bronx County.

## II.  A PARTY'S ASSERTION OF FACT IN A PLEADING CONSITUTES A "JUDICIAL ADMISSION" AND IS BINDING

The pleading contained within the defendant's Notice of Removal constitutes a judicial admission that is binding on the pleading party.  As previously stated, the defendant pled in its Notice of Removal that there was complete diversity of citizenship and that "*the ad damnum clause of the Complaint filed against the defendants indicates that plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.  Accordingly, the amount in controversy in this suit is in excess exclusively of interests and costs, of $75,000.00*".  These assertions of fact established the basis of the defendant's Notice of Removal in the instant case. In Bellefonte Re Insurance Company v. Argonaut Insurance Company, 757 F.2d 523 (2nd Cir. 1985), the court followed the well-established principle that "a party's assertion of fact in a

pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." In <u>Bellefonte</u>, the Court held that the U.S. District Court properly disregarded affidavits submitted by the plaintiff-appellant which controverted its own pleading in its moving papers. *See also*, <u>White v. Arco/Polymers, Inc.</u>, 720 F.2d 1391 (5th Cir. 1983), <u>Mull v. Ford Motor Co.</u>, 368 F.2d 713 (2nd Cir. 1966), <u>State Farm Mutual Ins. Co. v. Worthington</u>, 405 F.2d 683 (8th Cir. 1968) and <u>Brian D. Cramer v. Oberthur Card Systems and Services, Inc</u>., 2003 U.S. Dist. LEXIS 12504, N.D. ILL. (July 17, 2003).

    Therefore, the defendants are precluded from disavowing their pleadings in their Notice of Removal, and they cannot now claim lack of knowledge that the instant case was removable absent plaintiff's reply to their supplemental demand. Accordingly, since the defendant's Notice of Removal was untimely, it is respectfully requested that this case be remanded back to New York State Supreme Court, Bronx County.

## **CONCLUSION**

    Wherefore, your affirmant respectfully prays for an Order remanding the instant case back to New York Supreme Court, Bronx County, together with such other and further relief as to this Court seems just and proper.

Dated: April 14, 2008
New York, New York

                                                  Respectfully Submitted,

                                                  /S/
                                       HUGO ORTEGA, ESQ. (HO6432)