UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(HONORABLE NAOMI R. BUCHWALD)
-------------------------------------------------------------------------x
ANDREA WOODLEY,                                                     :
                                                                                    1:08-cv-00949-NRB
                                  Plaintiff,                                  :

                          -against -                                         :

MASSACHUSETTS MUTUAL ETC. and STARBUCKS
CORPORATION                                                               :

                                  Defendant.                              :
-------------------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

Defendants MASSACHUSETTS MUTUAL ETC., and STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS"), respectfully submits this memorandum of law in opposition to the Motion to Remand filed by the plaintiff on April 15, 2008.  Plaintiff's motion, alleging that the removal of this action was untimely, should be denied as the removal was completed in a timely fashion as is more fully set forth below. Therefore, in accordance with 28 U.S.C. §1446(b), the Notice of Removal was timely filed and there is no basis for remand.

1966530.1

**PROCEDURAL HISTORY**

Plaintiff ANDREA WOODLEY commenced an action against Massachusetts Mutual on or about March 29, 2007 in the Bronx County Supreme Court. Thereafter, the plaintiff amended the Complaint to add Starbucks as a defendant. The amended Complaint was served on Massachusetts Mutual in or around November 2007 and on Starbucks Corporation (hereinafter "Starbuck") in or around November 2007. On November 20, 2007, with the service of its Answer, Starbucks served a request for Supplemental Demand for Relief. Exhibit "A". To date, this Demand has not been responded to.

On or about January 23, 2008, a Consent to Change Counsel form was executed on behalf of Massachusetts Mutual substituting our office as counsel for Massachusetts Mutual in the place and stead of Cartafalsa, Slattery & Lenoff. *See* Exhibit "B". At the time the Consent to Change Counsel was executed, an answer to the Amended Summons and Complaint had not been interposed. Some time after January 23, 2008, Massachusetts Mutual assumed the defense of Starbucks in this action based upon indemnification and contribution. Upon receipt of the file from prior counsel, Cartafalsa, Slattery & Lenoff, in January 2008 it was discovered that there was diversity of citizenship. Your affirmant timely removed this case to Federal Court based upon diversity.

2

**ARGUMENT**

**I.**

**THE NOTICE OF REMOVAL WAS TIMELY BECAUSE IT WAS FILED WITHIN THIRTY DAYS WHEN IT WAS FIRST ASCERTAINED THAT THE AMOUNT IN CONTROVERSY EXCEEDED $75,000**

The Notice of Removal was timely since it was filed within thirty (30) days from when it was first ascertained that the case was removal. 28 U.S.C. §1446(b) governs the timeframe for removal of state court actions to federal court. The provision states in full as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. §1446(b) (emphasis supplied).

It is well-settled that it is the removing party's burden to demonstrate the existence of federal jurisdiction, and, specifically with respect to diversity jurisdiction, the removing party must show that it appears to a reasonable probability that the claimed amount in controversy exceeds the jurisdictional threshold. *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 156 (W.D.N.Y. 2005), citing *Mehlenbacher v. Akzo Nobel Salt, Inc.* 216 F.3d 291, 296 (2d Cir. 2000). "Courts within the Second Circuit have construed general allegations within a complaint that a plaintiff

suffered serious and permanent personal injuries as insufficient to enable a defendant 'to intelligently ascertain removability.'" *Id.*

Where, as here, the complaint does not contain any reference to the amount of damages sought by the plaintiff, the statute provides and the courts have held that the time period for removal is not triggered until receipt by the removing party of a pleading or "other paper" from which it may first be ascertained that the case meets the amount in controversy threshold. *Gonzalez v. Rajkumar*, 2005 U.S. Dist. LEXIS 13486 (S.D.N.Y. July 6, 2005) (case became removable upon defendant's receipt of Supplemental Demand setting forth damages in the amount of $10,000,000); *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 156 (W.D.N.Y. 2005) (30 days for removal should not start until defendant receives plaintiff's response to defendant's request for a supplemental demand); *Schultz v. Office Depot, Inc.*, 2004 U.S. Dist. LEXIS 29601, *7-8 (W.D.N.Y. July 16, 2004)(same); *Setlock v. Renwick*, 2004 U.S. Dist. LEXIS 13777, *7 (W.D.N.Y. May 21, 2004)(same). With respect to New York state complaints which, since 2003, cannot contain a statement as to the amount of damages sought by the plaintiff, CPLR § 3017 (c) permits a defendant to request a supplemental demand from the plaintiff. As the above cases state, the time for removal is triggered by defendant's receipt of the supplemental demand. *Samuels v. Elrac Inc.*, 2006 U.S. Dist. LEXIS 72641 (E.D.N.Y. Oct. 5, 2006). In this case, the plaintiff never responded to the supplemental demand for relief.

Additionally, "whether a case is removable according to the initial pleading depends on whether the initial pleading enables the defendant to 'intelligently ascertain' removability from the face of such pleading, so that in its petition for removal defendant can make a short and plain statement of the facts which entitle it to remove as required in 28 U.S.C. § 1446(a)". *See Soto v.*

1966530.1

4

*Apple Towing,* 111 F. Supp. 2d 222, 224 (E.D.N.Y. 2000).    Here, there is nothing in the Summons and Complaint that indicates the amount in controversy. Thus, in interpreting the case law set forth above, the time to remove the case ran when 1) there was a response to the supplemental demand; or 2) when it was first ascertained by defense counsel that the case was removable. It is undisputed that the plaintiff never responded to the demand for supplemental relief. Therefore, in this case, the "touchstone for removability", is when it was first ascertained that the case was removable. It is respectfully submitted that removability was not ascertained until your affirmant received the file and pleadings in January 2008. Within days after receipt of the file, your affirmant filed a Notice of Removal.

The plaintiff objects to the removal claiming that since your affirmant removed the action by stating in the Notice of Removal that the amount in controversy exceeded the $75,000 limit based upon the Summons and Complaint, prior counsel for both Massachusetts Mutual and Starbucks should have removed the case within 30 days of the time that they received the Summons and Complaint.    *See* Plaintiff's Memorandum of Law.    However, the plaintiff's assertions are incorrect. The mere fact that your affirmant reasoned that it was unlikely that the plaintiff would oppose the grounds for removal by claiming that the amount in controversy did not exceed $75,000 and preclude himself from seeking a higher amount at a later time, does not trigger the time period for a Notice of Removal. The plaintiff fails to cite any case law that stands for the proposition that if one attorney can deduce that the amount in controversy is likely to exceed the jurisdictional limits, all other attorneys should be able to do the same.

Rather, as the plaintiff correctly states, a "Notice of Removal must be filed within thirty (30) days from when it becomes ascertainable that the case is, in fact, removable." *See*

1966530.1

5

Plaintiff's Memorandum of Law, Point I. Furthermore, as the plaintiff concedes, the case law does not state that a defendant must remove the case within thirty (30) days from the receipt of the Summons and Complaint when there is no relief demanded. The plaintiff cites to <u>Rios v. New York Marriott Marquis, 2001</u> U.S. Dist. LEXIS 10798, No. 01 Civ 5536 (S.D.N.Y. July 25, 2001) to support the proposition that ". . . the fundamental rule that the touchstone of removal is defendant's ability to ascertain removability". That is exactly the point in this case. As evidence that prior counsel could not ascertain removability is the fact that Massachusetts Mutual's prior counsel did not remove the case because the pleadings were silent on the amount in controversy. Further support that the amount could not be ascertained is found by Starbucks' prior counsel serving a supplemental demand for relief. Upon receipt of the file and the pleadings by your affirmant, a deduction was made that the plaintiff was seeking an amount in excess of $75,000. This was an educated opinion of an attorney. The amount in controversy was not stated anywhere in the complaint or elsewhere. Thus, the defendants were able to ascertain removability only when your affirmant received the file. The removability of this case was made by your affirmant after your affirmant reviewed the pleadings in January 2008. Upon review, and your affirmant's assessment of the case, removal was timely made. It cannot be said that where one attorney makes a determination as to removability that all other prior counsel should have been able to deduce the same particularly where the complaint is silent as to the amount.

## II.
## THERE IS NO DISPUTE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Although the plaintiff continually asserts that the defendants admit that the amount in controversy exceeded $75,000 in the Notice of Removal, such admission is not relevant to the issues herein. To the contrary, there is no dispute that the amount in controversy exceeds

1966530.1

6

$75,000. Specifically, the Notice of Removal stated that "the ad damnum clause of the Complaint filed against the defendants indicates that plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts. Accordingly, the amount in controversy in this suit is in excess, exclusive of interests and costs, of $75,000.00." However, the Notice of Removal at no time indicates that, either Massachusetts Mutual or Starbucks prior counsel was able to determine from the pleadings that the amount in controversy exceeded $75,000 or that the complaint states that the amount in controversy.

The plaintiff alleges that in your affirmant's February 28, 2008 correspondence, that your affirmant noted that the only reason for removal was that a complaint had not yet been served. However, the court is referred to your affirmant's letter of February 28, 2008 annexed to the plaintiff's motion. As the court can see, there is absolutely no mention of the fact that the only grounds for removal was that the complaint was not served. The letter merely advised the court that the plaintiff did not serve Massachusetts Mutual and had not provided proof of service. Thereafter, the letter specifically states that "this office was substituted as counsel for Massachusetts Mutual in or around January 2008 and a Notice of Removal was promptly filed." *See* letter of Allyson Avila dated February 28, 2008 annexed to the Plaintiff's Memorandum at Exhibit "C".

The plaintiff's counsel then asserts that "in an argument wholly unrelated", your affirmant indicates that there was no amount in controversy listed in the complaint served on Starbucks. *See* Plaintiff's Memorandum of Law. However, the facts raised by your affirmant indicating that there was no proof of service of the complaint and the complaint that was served on both Massachusetts Mutual and Starbucks did not contain an amount for relief are completely intertwined. Specifically, the plaintiff's whole argument against removal has been that the other

7

counsel "should have been able" to decipher that the amount in controversy exceeded the jurisdictional limit, however, he provides no reasoning as to why prior counsel should have been able to determine the amount in controversy except for the fact that your affirmant was able to.

The plaintiff further asserts that the defendants "cannot now claim lack of knowledge that the instant case was removable absent plaintiff's reply to their supplemental demand". *See* Plaintiff's Memorandum of Law. However, at no time did the defendants seek to disavow pleadings or claim lack of knowledge. Rather, your affirmant's letter of March 17, 2008 details that "in our original correspondence to this Court, there was no proof that the defendants had been served with a Summons and Complaint. Upon receipt of proof of service and in speaking with prior counsel for Starbucks Corporation, the Summons and Complaint that was served on Starbucks Corporation was silent as to the amount in controversy and only indicated that the amount exceeded the jurisdictional limits of the lower court. As a result, Starbucks' counsel immediately sent a Supplemental Demand to the plaintiff's counsel seeking the amount in controversy. The plaintiff's counsel never responded. Therefore, the time period for Starbucks to remove this case to Federal Court had not commenced." *See* letter of Allyson Avila annexed to the Plaintiff's Memorandum of Law, Exhibit" C". The letter points out to the court that, despite the fact that the plaintiff claims that the removal was untimely, removal was timely for several reasons including the fact that "based upon the plaintiff's failure to set out the exact amount and respond to the supplemental demand, the defendants' time for removal had not been triggered". *See* letter of Allyson Avila at Exhibit "C".

It was your affirmant, not any other counsel who upon reviewing the Complaint made an independent determination that the amount in controversy exceeded $75,000 which is undisputed. Furthermore, there is no question that there is complete diversity and the plaintiff

1966530.1

8

has now confirmed that the amount in controversy exceeds $75,000. Based upon the above, the removal in this case was timely under 28 U.S.C. § 1446(b). Thus, despite any shortcomings in the removal papers, the case should remain in Federal Court. *See Cassara v. Ralston,* 832 F. Supp. 752, 754 (S.D.N.Y. October 6, 1993). (Failure of defendant to state in their notice of removal that removal was timely and why constituted a "pro forma defect which cannot suffice to deprive a party of a plain entitlement to a federal forum"). Therefore, even if the Court were to find that the defendants should have set forth all of the basis for removal, a failure to identify all of the grounds for removal in the original Notice of Removal should not serve to deprive the defendants of their entitlement to a federal forum. *See Cassara.*

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand should be denied in all respects.

Dated: New York, New York
     April 25, 2008              Respectfully yours,

                            WILSON ELSER MOSKOWITZ
                            EDELMAN & DICKER LLP

                      By:  s/ Allyson Avila (AA 0944)
                            3 Gannett Drive
                            White Plains, NY  10604
                            (914) 323-7000 Ext. 4445
                            Attorneys for Defendant
                            09492.00222

To:    HUGO ORTEGA, ESQ.
        Attorneys for Andrea Woodley
        30 Vesey Street, PH Suite
        New York, NY 10007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum of Law in

Opposition to Plaintiff's Motion to Remand was served via First Class Mail this 25th day of April

2008 upon:

HUGO ORTEGA, ESQ.
Attorneys for Andrea Woodley
30 Vesey Street, PH Suite
New York, NY 10007

_s/ Allyson Avila

1966530.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------x
ANDREA WOODLEY,                                    Index No.: 8639/07

                Plaintiff,                                   :    **REQUEST FOR**
                                                        **SUPPLEMENTAL**
       against -                                   :    **DEMAND FOR RELIEF**

MASSACHUSETTS MUTUAL ETC. and                      :
STARBUCKS CORPORATION,                             :

                Defendants.                               :
-----------------------------------------------------------------------x

       PLEASE TAKE NOTICE that, pursuant to CPLR § 3017(c), defendant STARBUCKS

CORPORATION d/b/a STARBUCKS COFFEE COMPANY, by and through its attorneys,

Wilson Elser Moskowitz Edelman & Dicker LLP, hereby requests that, within fifteen (15) days

hereof, the plaintiff, ANDREA WOODLEY, serve a supplemental demand for relief setting forth

the total damages to which she deems herself entitled.

Dated: New York, New York
      November 20, 2007

RECEIVED
2001 NOV 20 PM 3: 56
COUNTY CLERK
BRONX COUNTY

                        Yours, etc.,

                        WLSON ELSER MOSWOWITZ
                        EDELMAN & DICKER LLP

                        By: _____
                          George N. Tompkins, III
                        150 East 42nd Street
                        New York, New York 10017
                        (212) 490-3000
                        Attorney for Defendant
                        STARBUCKS CORPORATION d/b/a
                        STARBUCKS COFFEE COMPANY

3034718.1

To:    Hugo Ortega, Esq.
        TANNER & ORTEGA, LLP
        30 Vesey Street, Penthouse Floor
        New York, New York 10007
        (212) 962-1333
        Attorneys for Plaintiff
        ANDREA WOODLEY

        CARTAFALSA, SLATTERY & LENOFF
        165 Broadway, 28th Floor
        New York, New York 10006
        (212) 225-7700
        Attorneys for MASSACHUSETTS MUTUAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------- x
                                          :  Index No.: 8639/07
ANDREA WOODLEY,

                        Plaintiff,         :    CONSENT TO CHANGE
                                                   COUNSEL
                                           :
    -against-                                  .
                                           :
. MASSACHUSETTS    MUTUAL    ETC,    and
STARBUCKS CORPORATION                      :

                        Defendants.        :

                                           :
--------------------------------------- x

T IS HEREBY STIPULATED, AGREED AND CONSENTED that the firm of WILSON,

ELSER, MOSKOWITZ, EDELMAN & DICKER LLP located at 3 Gannett Drive, White Plains,

New York 10604 is to be substituted as attorneys of record for the defendant(s)

MASSACHUSETTS MUTUAL ETC in place and stead of the law firm of CARTAFALSA,

SLATTERY, TURNPIN and LENOFF, 165 Broadway, 28th Floor, New York, New York 10006

as of the date hereof.

       IT IS FURTHER STIPULATED, AGREED AND CONSENTED that the fax signatures

appearing below, if applicable, will be deemed to be originals and that the within Stipulation

1864170 1

JAN. 23. 2008  2:15PM    CARTAFALSA, SLATTERY & METAXAS          NO. 5346   P. 3
       JAN. 18. 2008  2:29PM    WILSON-ELSER MOSKOWITZ EDELMAN          NO. 0602   P. 4

may be signed in counterparts and filed without further notice with the Clerk of the Court.

Dated: White Plains, New York
       January 18, 2008

                              CARTAFALSA, SLATTERY, TURPIN & LENOFF

                              BY: SEAN O. EDWARDS

                              WILSON, ELSER, MOSKOWITZ, EDELMAN &
                              DICKER

                              By: ALLYSON AVILA

                              MASSACHUSETTS MUTUAL LIFE INSURANCE
                              COMPANY
                              BY:  CORNERSTONE REAL ESTATE ADVISERS LLC

                              BY:  JUDITH L. LINTON
                                   DIRECTOR OF RISK MANAGEMENT

                    CONNECTICUT
STATE OF ~~NEW YORK~~  )
                       ) SS.:
COUNTY OF HARTFORD )

     On the 28th day of January, 2008, before me personally came, Judith Linton to me
known, and known to me to be the Dict of Risk mgmt of MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY and being duly authorized to execute documents on behalf of and
same person described herein and who executed the foregoing consent and acknowledged to me
that he executed the same.

Notary Public

                              NICHOLE L. ARNO
                                 NOTARY PUBLIC
                         MY COMMISSION EXPIRES MAY 31, 2009

-2-