UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(HONORABLE NAOMI R. BUCHWALD)
-------------------------------------------------------------X   Case No.: 1:08-cv-00949-NRB

ANDREA WOODLEY,

        Plaintiff,

                                                                    REPLY AFFIRMATION TO DEFENDANTS'
                      -v-                                MEMORANDUM OF LAW IN OPPOSITION
                                                          TO PLAINTIFF'S MOTION TO REMAND

MASSACHUSETTS MUTUAL ETC., and
STARBUCKS CORPORATION,
               Defendants.
-------------------------------------------------------------X

## INTRODUCTORY STATEMENT

       Plaintiff submits this affirmation in response to defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand. In their opposition papers, defendants' counsel asserts that their Notice of Removal was timely filed and that the plaintiff's Motion for Remand should be denied. However, due to the foregoing, the plaintiff's Motion to Remand should be granted.

ARGUMENT

I. <u>THE DEFENDANT'S NOTICE OF REMOVAL WAS DEFECTIVE AS IT WAS NOT TIMELY FILED WITHIN THIRTY DAYS OF THE INITIAL PLEADING ON THE DEFENDANT OR WITHIN THIRTY DAYS FROM WHEN IT WAS ASCERTAINABLE THAT THE CASE WAS ONE WHICH WAS REMOVABLE</u>

While the Defendants inexplicably assert that the Summons and Amended Complaint in this case was served on the defendants "in or around November 2007", the defendants were in fact served with the Summons and Amended Complaint on October 1, 2007, as substantiated by the previously submitted Affidavits of Service. Counsel further asserts that she was able to ascertain removability upon her receipt of the file from prior counsel to defendant Massachusetts Mutual, the law firm of Cartafalsa, Slattery & Lenoff, and therefore claims that the Notice of Removal was timely filed because "*It cannot be said that where one attorney makes a determination as to removability that all other prior counsel should have been able to deduce the same…*" (See Defendant's Memorandum in Opposition, Page 6). Therefore, according to the defendants, the thirty days in which to file is tolled or does not even begin to run until an attorney has had an opportunity to "*review the pleadings*" and forms an "*educated opinion*" that the case is removable. No authority is cited to support that proposition. It is respectfully submitted that defense counsel has misinterpreted the standard used in determining this issue and is misapplying the court's decision in <u>Rios v. New York Marriott Marquis,</u> 2001 U.S Dist. LEXIS 10798, No.01 Civ. 5536 (S.D.N.Y. July 25, 2001), which held that "the touchstone of removal analysis is a defendant's ability to ascertain removability". The rule is not, as defense counsel asserts, that the thirty day statute is tolled until such time as that any attorney, at sometime in the future, ascertains that a case is removable. Rather, the well settled rule is whether it was <u>ascertainable</u> that the case was removable. In fact, U.S.C. Title 28 §1446 (b), does not allow for an exception to the 30 day period based upon a substitution of counsel and there is no other authority to support such position. Accordingly, the substitution of Wilson Elser, et al. as attorneys for

Massachusetts Mutual is irrelevant to the issue at hand and certainly does not toll the statute. Nor is there any basis for the defendants' assertion that prior counsel did not seek to remove the case to federal court because of their inability to ascertain that the case was removable. Indeed such conclusion is purely speculative in that it might have been a purposeful strategic decision or simply neglect of prior counsel not to do so. Massachusetts Mutual was served with the original Summons and Complaint on March 29, 2007, which contained the identical ad damnum clause which was subsequently served on Strabucks Corporation. Therefore, since there was complete diversity of citizenship and an amount in controversy in excess of $75,000.00, it was ascertainable by prior counsel that this case was removable on March 29, 2007.

As previously stated the language in the ad damnum clause in the original Complaint as well as in the Amended Complaint is identical. No additional information was available to counsel at the time she filed her Notice of Removal that was not available to prior counsel for Massachusetts Mutual on March 29, 21007, or, for that matter, to her colleague at Wilson Elser in their New York City office which has represented Starbucks Corporation since they were served on October 1, 2007. Nevertheless, Starbucks never sought removal of this case to federal court at any time from October 1, 2007 until counsel filed her Notice on January 29, 2008, a period of one hundred and twenty (120) days.

Counsel further states that the statute did not even begun to run in this case because the plaintiff had not yet responded to the defendant's Supplemental Demand and cites Gonzalez v. Rajkumar, 2005 U.S. Dist. LEXIS 13486 (S.D.N.Y. July 6, 2005) in support of that position. Gonzalez v. Rajkumar is clearly distinguishable from the case at hand. In Gonzalez, the Court held that the defendant's Notice of Removal was timely made pursuant to U.S.C. Title 28 §1446 (b) because the defendant relied upon the plaintiff's answer to their Supplemental Demand in order to

ascertain removability. Shortly after receipt of the plaintiff's answer to the Supplemental Demand, the defendant, in Gonzalez, promptly filed the Notice of Removal. In the instant case, defense counsel filed a Notice of Removal alleging complete diversity of citizenship and an amount in controversy in excess of $75,000.00. Counsel specifically relied on the ad damnum clause of the plaintiff's Summons and Amended Complaint, which was in defense counsel's possession since October 1, 2007 (See Defendant's Notice of Removal). Had defendant's counsel needed some other pleading in order to ascertain whether this case was removable, she would have waited for a response to the Supplemental Demand before filing the Notice of Removal. Thus the defendant's claim that the statute is somehow tolled by the plaintiff's failure to answer the Supplemental Demand is not supported by the defendant's own pleading in the Notice of Removal. The defendant does not dispute in their opposition papers that the pleadings within the Notice of Removal constitutes judicial admissions and are binding upon the defendant. Thus, based on counsel's own actions, it simply cannot be disputed that an answer to the Supplemental Demand was not necessary in order to ascertain removability.

    II.    THE PRESUMPTION IS AGAINST REMOVAL AND THE REMOVAL STATUTE IS STRICTLY CONSTRUED

Defense counsel was clearly able to ascertain removability in that she filed a Notice of Removal in this case. As previously stated, the defendant alleged in the Notice that that there was complete diversity of citizenship and that the amount in controversy exceeded $75,000.00. However defense counsel now alleges that this determination was simply the "*educated opinion of an attorney*". (See Defendant's Memorandum in Opposition, Page 6).Therefore, according to the defendants, the Notice of Removal was timely filed because "*It cannot be said that where one attorney makes a determination as to removability that all other prior counsel should have been able to deduce the same…*" (See Defendant's Memorandum in Opposition, Page 6), and that plaintiff

failed to cite any case law to the contrary. However, notwithstanding the defense counsel's utter speculation that prior counsel was unable to ascertain removability, her attempt to shift the burden to the plaintiff ignores the well-settled policy to strictly construe the removal jurisdiction, <u>Shamrock Oil & Gas v. Sheets</u>, 313 U.S. 100 (1941). The court in <u>Brooklyn Hospital Center v. Diversified Information Technologies,</u> 133 F. Supp. 2d 197 (E.D.N.Y. 2001), reiterated the United States Supreme Court's holding in <u>Shamrock Oil</u> that the presumption is against federal jurisdiction in the context of removal. And as the court noted in <u>Rios v. New York Marriott Marquis</u>, "…there is a long-standing policy to construe strictly the removal jurisdiction." Therefore, the burden is on the defendant to establish that the removal was made in compliance with the law.

## CONCLUSION

Wherefore, your affirmant respectfully prays for an Order remanding the instant case back to New York Supreme Court, Bronx County, together with such other and further relief as to this Court seems just and proper.

Dated: April 30, 2008
New York, New York

                                                             Respectfully Submitted,

                                                             _____/s/_____
                                                              HUGO ORTEGA, ESQ.