```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANDREA WOODLEY,

                    Plaintiff,
                                              MEMORANDUM & ORDER
       - against -
                                              08 Civ. 0949 (NRB)
MASSACHUSETTS MUTUAL ETC. and STARBUCKS
CORPORATION,

                    Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Andrea Woodley ("Woodley") commenced this action in the Supreme Court of the State of New York, Bronx County against Massachusetts Mutual Life Insurance Company ("Mass Mutual") on March 27, 2007. After amending the complaint to add Starbucks Corporation ("Starbucks") as a defendant in the matter, Woodley served copies of the case initiation documents on both defendants on October 1, 2007. Starbucks then requested a supplemental <u>ad damnum</u> clause specifying the total amount of damages claimed by Woodley.[1] Despite the fact that they never received a response to this request,[2] the defendants filed a notice of removal on January 23, 2008 that provided, in pertinent part:

---

[1] For personal injury claims, New York pleading rules prohibit plaintiffs from specifying a particular amount of damages in the complaint. N.Y. C.P.L.R. § 3017(c). Defendants may ascertain whether the amount in controversy exceeds $75,000 by exercising their statutory right to demand a supplemental <u>ad damnum</u> clause. <u>Id</u>.

[2] The defendants did not, apparently, move for an order compelling a response. <u>Id</u>.

> The ad damnum clause of the Complaint filed against the defendants indicates that plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts. Accordingly, the amount in controversy in this suit is in excess, exclusive of interests and costs, of $75,000.

This opinion addresses Woodley's motion to remand the action to the Supreme Court of the State of New York, Bronx County. For the reasons stated herein, Woodley's motion is GRANTED.

## DISCUSSION

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. 1441(a). The removal statute is to be construed strictly in favor of remand, see, e.g., Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996), out of "[d]ue regard for the rightful independence of state governments." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). "The burden of proving federal removal jurisdiction," therefore, "is on the party seeking to preserve removal, not the party moving for remand." Pan Atlantic Group, Inc. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995). Where the basis for removal is federal diversity jurisdiction, some indication that the amount-in-controversy requirement has been satisfied must appear on the face of the pleadings. See In re Methyl Tertiary Butyl Ether Products Liability, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining

whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."); Lupo v. Human Affairs Int'l, 28 F.3d 269, 273-74 (2d Cir. 1994) ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."); see also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (noting that the defendant seeking removal "must allege in his pleading the facts necessary to show jurisdiction. If he fails to make the necessary allegations he has no standing.").

In this regard, the notice of removal essentially incorporates by reference the plaintiff's demand for judgment "in an amount in excess of the maximum monetary jurisdiction of all lower Courts." In their opposition papers, the defendants concede that the complaint is "silent" as to whether the jurisdictional minimum has been met. See Defendants' Opposition to the Motion to Remand ("Def.") at 4, 6; see e.g., Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc., 165 F.3d 221, 235-36 (3d Cir. 1998) (ambiguity as to the meaning of the scope of an allegation may be resolved by admission in a brief). We concur in their assessment. The clause "lower Courts" is an obvious reference to the lower courts of New York, which may not entertain actions seeking to recover greater than $25,000, and not the federal district courts.

See, e.g., S.S.I.G. Realty, Inc. v. Bologna Holding Corp., 213 A.D.2d 617, 624 N.Y.S.2d 225 (2d Dept. 1995).[3] Moreover, the complaint does not allege the details of the injury or the treatment being received and is, therefore, lacking in any subtle indications of whether the damages allegations support the exercise of federal jurisdiction.

Notwithstanding their concession, the defendants insist that an amount in controversy exceeding $75,000 has been pleaded.[4] We disagree. The only basis for the defendants' assertion is a citation to the plaintiff's ad damnum clause, which, either standing alone or in the context of the complaint, cannot reasonably be interpreted as alleging damages in excess of $75,000. See Lupo, 28 F.3d at 273-74; Gaus v. Miles, Inc., 980 F.2d 564, 566

---

[3] Ad damnum clauses identical to the plaintiff's have been repeatedly found too vague and ambiguous to enable an intelligent assessment of whether the amount-in-controversy requirement of diversity jurisdiction has been satisfied. See, e.g., Vasquez v. J.M. Products, Inc., No. 04 Civ. 3019, 2004 WL 1124646, at *2-3 (S.D.N.Y. May 20, 2004); Gonzalez v. Rajkumar, No. 04 Civ. 9405, 2005 WL 1593008, at *3-4 (S.D.N.Y. July 6, 2005); Gershoff v. Stop & Shop Supermarket Co., LLC, No. CV 06-2262, 2006 WL 1367397, at *2 (E.D.N.Y. May 18, 2006); Hernandez v. J.B. Hunt, Inc., No. CV 08-0057, 2008 WL 123956, at *2 (E.D.N.Y. Jan. 11, 2008).

[4] The defendants' assertion that Woodley has not disputed the amount in controversy is without moment. The burden of alleging and, if called upon to do so, establishing the amount in controversy rests squarely on the defendants' shoulders. See Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). The Court, sua sponte, may review the pleadings to assure itself of the propriety of federal removal jurisdiction and also test a defendant's allegations by requiring competent evidence establishing jurisdictional facts by a preponderance of the evidence. See United Food & Commercial Workers Union, 30 F.3d at 305-06; McNutt, 298 U.S. at 189.

(9th Cir. 1992). Accordingly, the action is properly remanded to the state court for lack of federal subject matter jurisdiction.[5]

## CONCLUSION

For the foregoing reasons, Woodley's motion to remand the action to the Supreme Court of the State of New York, Bronx County is GRANTED.

Dated:     New York, New York
           May 23, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[5]   In light of our conclusion here, we need not address Woodley's principal argument in support of remand, namely, that the notice of removal was not timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" in this case. 28 U.S.C. § 1446(b).
      If, as defendants stated in their notice of removal, the ad damnum clause of the complaint is to be read as seeking damages in excess of $75,000 (a reading which we reject, supra), then there is no excuse for their failure to timely file a notice of removal. However, to avoid this result, defendants assert in their memorandum in opposition to remand that the complaint is "silent" on the amount in controversy. Defendants cannot have it both ways.

Copies of the foregoing Order have been mailed on this date to the following:

<u>Counsel for Plaintiff</u>:
Hugo Ortega, Esq.
Tanner & Ortega, LLP
30 Vesey Street, Penthouse Floor
New York, NY 10007

<u>Counsel for Defendants</u>:
Allyson Avila, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604